**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Tadd Gilleo<br>　　　　Debtor | BK NO. 16-18540 AMC |
| U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2 | Chapter 13<br><br>Related to Document No. 2 |
| 　　　　Movant | Hearing Date:  05/09/17 |
| vs.<br><br>Tadd Gilleo<br>　　　　Respondent | |

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2007-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-2
TO CONFIRMATION OF CHAPTER 13 PLAN**

　　　　U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2 (hereinafter "Secured Creditor"), through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 plan ("Plan") and asserts in support of its Objection as follows:

　　　　1.　　On April 3, 2017, Secured Creditor filed a proof of claim setting forth a secured claim based on a residential mortgage loan secured by a mortgage against Debtor's principal residence in the amount of $302,941.45, which claim includes pre-petition arrears in the amount of $29,685.77.

　　　　2.　　Debtor's Plan provides that the Debtor shall make regular payments directly to Secured Creditor on account of its claim, presumably to maintain contractual monthly mortgage payments (the Plan lists the Secured Creditor as "Nationstar Mortgage LLC," which is the loan servicer for Secured Creditor, and it incorrectly lists the total amount of the claim as $162,576.00); the Plan meanwhile provides for monthly Trustee payments to the Secured Creditor to cure the default on the mortgage loan, in the amount of $22,296.00.

　　　　3.　　Debtor's Plan provides for plan payments to the Trustee (on account of all claims) in the total amount of $26,340.00.

　　　　4.　　Debtor's Plan understates the amount necessary to cure the default on the mortgage loan with Secured Creditor by $7,389.77, and it does not provide sufficient funding to pay said arrearage claim including present value interest.

   5. Accordingly, Debtor's Plan is not feasible, and it does not fully compensate the Secured Creditor for the allowed amount of its claim, and/or it impermissibly modifies the rights of the Secured Creditor with respect to its claim and the Secured Creditor does not accept such treatment of its claim.

   6. Debtor's Plan fails to comply with 11 U.S.C. §§ 1322 and 1325.

  WHEREFORE, the Secured Creditor, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for First Franklin Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2, prays that the Court deny confirmation of the Debtor's Chapter 13 Plan.

Date: May 8, 2017

           Respectfully submitted,

           By: /s/ Matteo S. Weiner
           Matteo S. Weiner, Esquire
           KML Law Group, P.C.
           BNY Mellon Independence Center
           701 Market Street, Suite 5000
           Philadelphia, PA  19106
           215-627-1322
           Attorneys for Movant/Applicant